ANGELA VIDAL, ESQ.
Attorney at Law
201 Strykers Road
Suite 19-155
Phillipsburg, New Jersey 08865
(908)884-1841 telephone
(908)859-3201 facsimile
Attorney for Plaintiff, Kinekt Design, LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KINEKT DESIGN, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN AIZIC, PETER AIZIC, ANNA AIZIC d/b/a ANNA'S REFLECTION,<br><br>Defendants. | CIVIL CASE NO.<br><br>VERIFIED COMPLAINT |

**COMPLAINT FOR PATENT, TRADEMARK AND COPYRIGHT INFRINGEMENT**

Plaintiff, Kinekt Design, LLC, a New Jersey limited liability corporation, by and through its attorney, by way of Verified Complaint against the Defendants, Kevin Aizic, Peter Aizic and Anna Aizic d/b/a Anna's Reflection, says as follows:

**JURISDICTION AND VENUE**

1. This is an action for patent, trademark and copyright infringement, injunctive relief and damages pursuant to 15

U.S.C. §1114, 15 U.S.C. §1125, 35 U.S.C. §271, et seq. and 17 U.S.C. 501, et seq. Subject matter jurisdiction is therefore conferred upon this Court pursuant to the provisions of 28 U.S.C. §1331 and 28 U.S.C. §1338.

2. This Court has personal jurisdiction over the Defendants because Defendants reside in this judicial district, direct their business activities towards, and conduct business with, consumers within this judicial district and the products that are the subject of this action were, and continue to be, sold to consumers in the State of New Jersey.

3. Venue is proper in this judicial district under 28 U.S.C. §1391, as Defendants reside in this judicial district, a substantial part of the events giving rise to the claims occurred in this district, Defendants have sold, and continue to sell, products that infringe upon Plaintiff's patent and trademark within this district, Defendants conduct infringing activities and cause harm within this district and the property that is the subject of this action, the patent and the trademark, are situated in this district.

**THE PATENT, TRADEMARK AND COPYRIGHT**

4. On June 7, 2011, the United States Patent and Trademark Office duly and legally issued United States Patent No. D639,139 (hereinafter referred to as the "Patent") to Glen Liberman and

Ben Hopson for the design of an ornamental gear ring (hereinafter referred to as the "Gear Ring®"). Mr. Hopson assigned all right, title and interest to the Patent to Kinekt Design, LLC. A photographic exemplar of the Gear Ring® is attached hereto as **"Exhibit A"** and the Patent is attached hereto as **"Exhibit B."**

5. Plaintiff has placed a notice of said Patent on marketing and other informational material related to the Gear Ring®.

6. Plaintiff has an additional utility patent pending for the Gear Ring® (Rotational education entertainment and therapeutic device), which has received notice of publication of application from the United States Patent and Trademark Office.

7. On June 12, 2011, the United States Patent and Trademark Office duly and legally issued trademark Registration Number 4157820 to Kinekt Design, LLC for the Gear Ring® (hereinafter referred to as the "Trademark"). On May 1, 2012, the United States Patent and Trademark Office also duly and legally issued trademark Registration Number 4134362 to Kinekt Design, LLC for "Kinekt®". "Kinekt" has also been submitted for Customs and Border Patrol protection under CBP Recordation Number TMK 12-00693.

8. Plaintiff has also submitted the Gear Ring® registered trademark to the United States Customs and Border Protection

("CBP"), Intellectual Property Rights Branch, and was assigned CBP Recordation Number TMK-12-00687 effective July 6, 2012, as well as submitted the Gear Ring® mark and the Kinekt® mark pursuant to the WIPO Madrid Protocol.

9. On August 31, 2012, Plaintiff obtained a registered copyright, Registration Number TX0007566733, through the United States Copyright Office of all the content contained on Kinektdesign.com (hereinafter referred to as the "Copyright"). Kinektdesign.com not only contains images of the Gear Ring®, but also a video created by Plaintiff which demonstrates the features of the Gear Ring® and how it operates.

10. Plaintiff has followed each and every legal avenue available to it to protect its intellectual property rights.

**THE PARTIES**

11. Plaintiff, Kinekt Design, LLC (hereinafter referred to as "Kinekt") is a limited liability corporation of the State of New Jersey with its principal place of business located at 184 South Livingston Avenue, Suite 9-239, Livingston, New Jersey 07039.

12. Defendants, Kevin Aizic and Peter Aizic, are individuals that have been manufacturing, selling, offering for sale, distributing, marketing and advertising products which infringe on Plaintiff's Patent, Trademark and Copyright in the

United States and in this judicial district. Upon information and belief, Kevin Aizic and Peter Aizic are father and son. Defendant Anna Aizic d/b/a Anna's Reflections, is also a member of the Aizic family and owns the jewelry design/sale business known as Anna's Reflections. Upon information and belief, Defendants Kevin Aizic and Peter Aizic may utilize Anna's Reflections as their means for manufacturing the counterfeit gear ring products.

**FACTS COMMON TO ALL COUNTS**

13. Plaintiff has been using the Gear Ring® mark in interstate commerce to identify and distinguish Plaintiff's product and the mark has never been assigned or licensed to any Defendant in this matter.

14. Plaintiff has expended a significant amount of time, money and other resources to develop, produce, advertise and otherwise promote the Gear Ring® and has taken any and all steps necessary to protect its rights and interests in and to the Gear Ring®, both in this country and internationally.

15. Plaintiff is a small, start-up company seeking to grow its business based on its ingenuity in inventing the Gear Ring®, as well as its expenditure of significant resources to protect its invention, but has thus far, failed to reach its full business profit potential because of constant unlawful copying

of Plaintiff's design and name, as well as unauthorized sales of Plaintiff's product and/or counterfeit products which copy Plaintiff's patented design.

16. Because of the prevalence of infringement of Plaintiff's product and the resultant damage being suffered by Plaintiff, Plaintiff is vigilant in searching for unlawful copying of its product design and/or sales of these counterfeit products or unauthorized sales of Plaintiff's product. Plaintiff's first line of defense in each instance is to contact the website where the advertisements of these counterfeit products and/or unauthorized sales are located, prove it is the lawful and rightful owner of the Patent, Trademark and Copyright and request removal of the advertisements offering the infringing products for sale. With each such request, Plaintiff submits proof of its Patent, Trademark and/or Copyright, as applicable, and the website typically investigates the matter.

17. At the time the website receives the infringement complaint from Plaintiff, typically submitted through the website's DMCA form, the website informs the party that is allegedly committing the infringement of the complaint, the basis of the complaint and by whom the complaint has been made. The website gives the offending party the ability to defend against the claimed infringement and/or contribute in some other manner to the website's investigation of the complaint.

18. The website will then verify that Plaintiff is, in fact, the lawful and rightful owner of the intellectual property at issue and notifies the user committing the infringement that after conducting its investigation, it has determined that Plaintiff's infringement claim is valid and that the advertisement is being removed because of the user's violation of Plaintiff's intellectual property rights. As such, on each and every occasion where Plaintiff has submitted a complaint and requested removal of an advertisement, the infringing party, in this case, the Defendants, are advised of the infringement complaint, the basis for the infringement complaint and the name of the party instituting the infringement complaint.

19. There are times, however, when the websites refuse to take any action with respect to Plaintiff's complaints and/or the user disregards Plaintiff's rights and simply moves its advertisement to a different website or different URL on the same website. On these occasions, Plaintiff has been forced to file litigation to enforce its rights. The first such action was filed by Plaintiff in the summer of 2011 and was captioned "Kinekt Design, LLC and Glen Liberman v. Verlyn Kelly Mason," Case No. 2:11-cv-04658. Plaintiff was granted permanent injunctive relief in that matter. The second case was filed in July 2012 and is captioned "Kinekt Design, LLC v. John Doe 1

a/k/a Kimber M., et als", Case No. 2:12-cv-04549. That case is currently pending.

20. On or about December 3, 2011, Plaintiff discovered that a user selling under the name "KevinsCollectibles" was advertising a "Hand Milled Steel Men's Mechanical Ring with Spinning Gears" on the website known as Etsy.com. The ring being offered for sale was an exact duplicate of Plaintiff's patented Gear Ring®, and the images included in the advertisement were four (4) of the copyrighted images from Plaintiff's website. A copy of the screen print of this advertisement is attached hereto as **"Exhibit C."** In addition, the advertisement by "KevinsCollectibles" directed viewers to a video of the ring. This video is the copyrighted video created by Plaintiff and contained on the Kinektdesign.com website, with some minor deletions of content.

21. In an attempt to obtain information as to how the infringement was being accomplished, Plaintiff contacted the user known as "KevinsCollectibles" and declared that "KevinsCollectibles'" product was clearly a forgery. "KevinsCollectibles" responded by stating that he was "working off a diagram" to manufacture the gear ring jewelry being sold.

22. Plaintiff initiated a complaint with Etsy.com advising that the seller known as "KevinsCollectibles" was infringing upon Plaintiff's Patent and Copyright by selling a product that

Case 2:33-av-00001 Document 20120 Filed 09/21/12 Page 9 of 33 PageID: 345054

was an exact duplicate of Plaintiff's patented product and using images and the video taken from Plaintiff's website to do so. As with all such complaints, Etsy notified "KevinsCollectibles" that a complaint had been submitted by Plaintiff alleging that "KevinsCollectibles" was infringing upon Plaintiff's Patent and Copyright, and that it would be investigating the claim. Upon information and belief, "KevinsCollectibles" did not respond in any way to Etsy.com's notification.

23. Etsy.com investigated Plaintiff's claim, found it to be valid and, as is the protocol when such complaints are filed, advised "KevinsCollectibles" that its investigation revealed that "KevinsCollectibles" was infringing upon Plaintiff's Patent and Copyright and that his advertisement was being removed because of that intellectual property rights infringement. Etsy.com then removed the advertisement from its website.

24. Also on or about December 3, 2011, Plaintiff discovered that a user selling under the name "Kevingotswag" was advertising a "Unique Steel Men's Mechanical Ring with Spinning Working Gears" on the website known as Ebay.com. Again, the ring being offered for sale was an exact duplicate of Plaintiff's patented Gear Ring®, and the image included in the advertisement was one of the copyrighted images from Plaintiff's website. A copy of the screen print of this advertisement is attached hereto as **"Exhibit D."**

25. Plaintiff contacted Ebay.com and advised that the seller known as "Kevingotswag" was infringing upon Plaintiff's Patent and Copyright by selling a product that was an exact duplicate of Plaintiff's patented product and using images taken from Plaintiff's website to do so. As with Etsy.com, eBay.com notified "Kevingotswag" that a complaint had been submitted by Plaintiff alleging that he was infringing upon Plaintiff's Patent and Copyright, and that it would be investigating the claim. Ebay.com did investigate Plaintiff's claim, also found it to be valid and, as with Etsy.com, advised "Kevingotswag" that its investigation revealed that he was infringing upon Plaintiff's intellectual property rights and that his advertisement was being removed because of the infringement of Plaintiff's Patent and Trademark. EBay.com also removed the advertisement from its website.

26. Because eBay.com allows users to identify the person to whom an account is registered, Plaintiff conducted a bit of research and discovered that "Kevingotswag" was originally registered to Defendant Peter Aizic.

27. At the same time it notified Etsy.com and eBay.com of the Patent and Copyright infringement by "KevinsCollectibles" and "Kevingotswag", Plaintiff also notified Paypal, the payment processor for both Etsy.com and eBay.com of the infringement. Paypal advised Plaintiff that it had investigated the matters

and taken appropriate action with regard to the Paypal accounts associated with the reported URLs. Paypal also requires users of its services to register their accounts with their true names, oftentimes including their social security numbers. Plaintiff confirmed through Paypal that the account tied to "Kevingotswag" was registered and owned by Defendant Peter Aizic.

28. Plaintiff thereafter sought to ascertain the true name of the individual known as "KevinsCollectibles." Through this investigation, Plaintiff learned that the user known as "KevinsCollectibles" was Defendant Kevin Aizic.

29. Also in early December 2011, Plaintiff found a video on www.senorgif.membase.com entitled "Steampunk Gear Ring" that contained a link to another site. A copy of the screen print of this advertisement is attached hereto as **"Exhibit E."** Upon watching the video, Plaintiff realized that it was the copyrighted video taken from its website with some minor deletions in content. When Plaintiff clicked on the link, it was redirected to Defendant Kevin Aizic's Etsy.com posting. Defendant Kevin Aizic had therefore misappropriated Plaintiff's copyrighted video and posted it on a third party website in an effort to proactively market, promote and direct traffic to his Etsy.com listing for the "gear ring" product. By taking the video and naming it "Steampunk Gear Ring," Defendant Kevin Aizic

Case 2:33-av-00001 Document 18120 Filed 09/21/12 Page 12 of 33 PageID: 345837

not only violated Plaintiff's Copyright, but its Trademark as well.

30. On or about December 4, 2011, Plaintiff discovered that a user was advertising a "Spinning Gear Ring in Stainless Steel by Kinekt" on the website known as CraigsList.com. This time, the user claimed that the ring was a genuine Kinekt Gear Ring® that was purchased from Plaintiff and, once again, used a copyrighted image from Plaintiff's website. A copy of the screen print of the advertisement is attached hereto as "**Exhibit F**". By offering the ring for sale under the "Kinekt" and "Gear Ring" name, this user was not only in violation of Plaintiff's Patent and Copyright, but both Trademarks as well. Upon comparing the three (3) advertisements, Plaintiff realized that the advertisements used the same wording and the same image, and that the user was in the same location in New Jersey.

31. Plaintiff contacted CraigsList.com and, as with the other two (2) websites, advised that the advertisement was infringing upon Plaintiff's Patent, Trademarks and Copyright by selling a product that was allegedly a "genuine" Kinekt Gear Ring®, advertising the product using the "Kinekt" and "Gear Ring" trademarks and using images taken from Plaintiff's website to do so. As with Etsy.com and eBay.com, CraigsList removed the listing based on the notification of infringement submitted by Plaintiff.

32. Plaintiff also contacted Paypal again and not only reported the infringement, but also requested that Paypal check the phone numbers for Defendants Kevin and Peter Aizic against the phone number of the user advertising on CraigsList.com. A comparison of the phone numbers revealed that the user advertising the "Kinekt" "Gear Ring" on CraigsList.com was Defendant Kevin Aizic and/or Defendant Peter Aizic.

33. Since Defendants Kevin and/or Peter Aizic were advertising the product on CraigsList.com as a "genuine" Kinekt Gear Ring® purchased directly from Kinekt, Plaintiff researched whether any member of the Aizic family had ever bought a Gear Ring®. Plaintiff reviewed all its sales records since it began selling the Gear Ring® and found no record of any purchase of a Gear Ring® by Kevin, Peter or Anna Aizic. As such, the claim by Defendants Kevin and/or Peter Aizic that the jewelry was a "genuine" Kinekt Gear Ring® was clearly false and the item being sold was a counterfeit.

34. Having discovered four (4) separate instances of infringement by the Aizic family and learning that Defendants Kevin and/or Peter Aizic were obviously somehow illegally manufacturing its product, Plaintiff contacted the telephone number listed on the above-referenced advertisements and asked to speak to "Kevin." The person who answered the telephone identified herself as Defendant Anna Aizic. Plaintiff advised

Case 2:33-av-00001 Document 16120 Filed 09/21/12 Page 14 of 33 PageID: 345639

Defendant Anna Aizic of the infringement and that it was the rightful and lawful owner of the Gear Ring® which Kevin and/or Peter Aizic were unlawfully manufacturing, marketing, advertising and selling on various websites. Plaintiff requested information regarding the counterfeit products and the infringement of its Patent, Trademark and Copyright, but no information was forthcoming.

35. Despite the fact that Plaintiff had informed Defendant Anna Aizic of the infringement, and notwithstanding the fact that their advertisement of the Gear Ring® was removed by CraigsList.com because of the infringement of Plaintiff's Patent, Trademark and Copyright, Defendants Kevin and/or Peter Aizic nevertheless reposted the advertisement on CraigsList.com approximately three (3) days later. A copy of the screen print of this advertisement is attached hereto as **"Exhibit G"**. Plaintiff renewed its complaint of infringement and CraigsList.com removed the second (2nd) advertisement posted by Defendants Kevin and/or Peter Aizic.

36. Similarly, on or about December 8, 2011, Plaintiff determined that Defendants Kevin and/or Peter Aizic had also posted a video of the Gear Ring® on the website known as Youtube.com. A copy of the screen print of this advertisement is attached hereto as **"Exhibit H."** The video contained a link to the URL where Defendants Kevin and/or Peter Aizic were

Case 2:33-av-00001 Document 18120 Filed 09/21/12 Page 15 of 33 PageID: 345640

offering the counterfeit gear rings for sale. Once again, the video had been misappropriated from Plaintiff's website, thereby once again violating Plaintiff's Copyright. Plaintiff contacted Youtube.com and advised of the infringement of its Copyright by Defendants Kevin and/or Peter Aizic. Youtube.com advised Defendants Kevin and/or Peter Aizic that a complaint had been initiated by Plaintiff for violation of its Copyright and that it would be investigating the matter. Youtube.com in fact investigated the claimed infringement and determined that Plaintiff's claim was valid. It therefore removed the video, informed Defendants Kevin and/or Peter Aizic that the video was in violation of Plaintiff's Copyright and actually posted a notification on the video that it had been removed due to an infringement complaint by Kinekt.

37. On or about August 2, 2012, Plaintiff once again began searching for any possible infringement of its intellectual property rights. As a result of this research, Plaintiff discovered a new advertisement on CraigsList.com nearly identical to the two (2) prior advertisements posted by Defendants Kevin and/or Peter Aizic on CraigsList.com in December of 2011. A copy of the screen print of this advertisement is attached hereto as **"Exhibit I."** Once again, the advertisement claimed it was a "genuine" Gear Ring® purchased from Kinekt, contained an image taken directly from

Plaintiff's website and contained the video that had been misappropriated from Plaintiff's website.

38. At that point, Defendants Kevin and/or Peter Aizic had been advised on at least five (5) separate occasions that they were infringing upon Plaintiff's Patent, Trademark and/or Copyright, and each of their advertisements had been removed as a result of that infringement. Yet Defendants continued to manufacture, sell, offer to sell, distribute, market and advertise their infringing products using Plaintiff's copyrighted images and videos and attempting to trade on Plaintiff's business reputation and goodwill by using Plaintiff's federally registered marks, all in blatant disregard of the law and Plaintiff's intellectual property rights, intent on continuing their counterfeiting operation.

39. As a result, Plaintiff's attorney, on August 10, 2012, sent a letter to Defendants Kevin and Peter Aizic demanding that they immediately cease and desist their infringing activities, provide Plaintiff with an accounting of any and all sales of the "gear rings", provide Plaintiff with all the "gear rings" in their possession, remove all postings advertising any "gear ring" products, confirm that they would never again manufacture, market, advertise, offer for sale or otherwise commercially promote any "gear ring" products and certify that Defendant,

Anna Aizic d/b/a Anna's Reflection, a jewelry business, was not being used for manufacturing or producing "gear ring" products.

40. Defendant Kevin Aizic responded by stating that he only attempted to sell one (1) gear ring that he had purchased from China, despite the fact that he had previously admitted to "working off a diagram" to manufacture the counterfeit gear rings, that the Chinese factories do not sell individual gear rings, but only sell in bulk, and the fact that there had been at least six (6) advertisements over a seven (7) month period. Although Defendant Kevin Aizic maintained that he would not attempt to sell the gear ring jewelry again, none of the above demands made by Plaintiff were complied with. No response was ever received from Peter Aizic.

41. Defendants have been infringing, and are continuing to infringe, upon Plaintiff's Patent by manufacturing, selling, offering for sale, distributing, marketing and/or advertising counterfeit products which are exact copies of Plaintiff's Gear Ring®, without Plaintiff's authorization or consent.

42. Defendants have also been infringing, and are continuing to infringe, upon Plaintiff's Trademarks by selling, offering for sale, distributing, marketing and/or advertising "gear ring" products using the registered "Kinekt®" and "Gear Ring®" names.

43. Defendants have also been infringing, and are continuing to infringe, upon Plaintiff's Copyright by selling, offering for sale, distributing, marketing and/or advertising "gear ring" products using copyrighted images taken from Plaintiff's website and the video created by Plaintiff.

44. Defendants have engaged in these infringing activities willfully, intentionally and with knowledge of the existence of Plaintiff's Patent, Trademark and Copyright and the fact that they were committing illegal acts.

45. Defendants have received repeated written notice of their infringement, and each of their advertisements have been removed by the websites where they were posted because of said infringement, yet Defendants have continuously re-posted their advertisements and repeatedly ignored the claims of infringement.

46. Defendants' infringement of the Patent is in violation of 35 U.S.C. §271, is willful and deliberate, and upon information and belief, Defendants will continue to infringe on said Patent and continue to cause Plaintiff immediate, continuing and irreparable harm unless permanently enjoined by this Court.

47. Defendants' infringement of the Trademarks is in violation of 15 U.S.C. §1114, is willful and deliberate, and upon information and belief, Defendants will continue to

Case 2:33-av-00001 Document 16120 Filed 09/21/12 Page 19 of 33 PageID: 345644

infringe on said Trademarks and continue to cause Plaintiff immediate, continuing and irreparable harm unless permanently enjoined by this Court.

48. Defendants' infringement of the Copyright is in violation of 17 U.S.C. §501, is willful and deliberate, and upon information and belief, Defendants will continue to infringe on said Copyright and continue to cause Plaintiff immediate, continuing and irreparable harm unless permanently enjoined by this Court.

49. Plaintiff has suffered injury and damages that have been directly and proximately caused by Defendants' wrongful manufacture, sale, offer of sale, distribution, marketing and advertisement of goods that infringe upon Plaintiff's Patent, Trademark and Copyright.

50. Plaintiff has no adequate remedy at law.

51. Plaintiff has retained undersigned counsel to represent it in this matter and is obligated to pay said counsel a reasonable fee for such representation.

**COUNT I**

**Patent Infringement**

52. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 51 above and incorporates them as if fully set forth at length herein.

52. Defendants have manufactured, used, offered to sell and/or sold Plaintiff's patented invention within the United States during the term of the Patent without Plaintiff's authority or consent in violation of 35 U.S.C. §271.

53. Defendants have been made aware of their infringement by written notice, yet continue to infringe upon Plaintiff's Patent by manufacturing exact duplicates of Plaintiff's patented invention and using, selling and/or offering to sell these products in the United States and in this judicial district.

54. Defendants' repeated and continuous violation of Plaintiff's Patent, despite notice of the infringement, is willful and intentional.

55. Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Plaintiff.

56. Plaintiff has suffered and will continue to suffer irreparable injury due to Defendants' infringement of Plaintiff's Patent if the Defendants are not permanently enjoined from such conduct.

**COUNT II**

**Trademark Infringement**

57. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 56 above and incorporates them as if fully set forth at length herein.

58. Plaintiff's Trademarks are federally registered marks.

59. Defendants have used the name Gear Ring® to designate their product in connection with the sale, offer for sale, distribution, marketing and advertising of goods for their own financial gain. Defendants have also used the Kinekt® name in conjunction with the sale of their infringing goods.

60. Plaintiff has not authorized Defendants' use of Plaintiff's Trademarks.

61. Defendants' unauthorized use of Plaintiff's Trademarks in connection with the sale, offer for sale, distribution, marketing and advertising of goods constitutes Defendants' use of Plaintiff's registered trademarks in commerce.

62. Defendants' unauthorized use of Plaintiff's Trademarks is likely to cause and actually is causing confusion, mistake and deception among consumers and/or is causing consumers to believe that Defendants' goods originate from Plaintiff or that Plaintiff has authorized, approved or otherwise associated itself with Defendants' counterfeit goods that bear Plaintiff's Trademarks.

63. Defendants' unauthorized use of Plaintiff's Trademarks has resulted in Defendants unfairly, illegally and improperly benefitting from Plaintiff's name and goodwill.

64. Defendants have therefore infringed Plaintiff's Trademarks in violation of 15 U.S.C. §1114.

65. Defendants' repeated and continuous violation of Plaintiff's Trademarks, despite notice of the infringement, is willful and intentional and therefore, this constitutes and exceptional case.

66. Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Plaintiff.

67. Plaintiff has suffered and will continue to suffer irreparable injury due to Defendants' infringement of Plaintiff's Trademarks if Defendants are not permanently enjoined from such conduct.

## COUNT III

## Copyright Infringement

68. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 67 above and incorporates them as if fully set forth at length herein.

69. Plaintiff's Copyright is a federally registered mark.

70. Defendants have taken copyrighted content from Plaintiff's website, including four (4) images and a video, and used them to advertise, market and promote their counterfeit products. Defendants have misappropriated this copyrighted content and interfered with Plaintiff's exclusive right to use the copyrighted content for their own commercial advantage and financial gain.

71. Plaintiff has not authorized or consented to Defendants' use of Plaintiff's Copyright.

72. Defendants have therefore infringed Plaintiff's Copyright in violation of 17 U.S.C. §501, et. seq.

73. Defendants' repeated and continuous violation of Plaintiff's Copyright, despite notice of the infringement, is willful and intentional.

74. Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Plaintiff.

75. Plaintiff has suffered and will continue to suffer irreparable injury due to Defendants' infringement of Plaintiff's Copyright if Defendants are not permanently enjoined from such conduct.

**COUNT IV**

**False Designation of Origin**

76. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 75 above and incorporates them as if fully set forth at length herein.

77. Defendants' unauthorized use in interstate commerce of Plaintiff's Trademarks constitutes infringement, as well as the use of false descriptions and representations and false designation of origin in violation of 15 U.S.C. §1125(a).

78. Defendants' use in commerce of such false designations of origin and false or misleading descriptions and

representations is likely to cause confusion in consumers as to the connection of Defendants with Plaintiff and the origin of Defendants' goods.

79. Defendants' repeated and continuous sale of infringing goods, despite the fact that they have been notified of the infringement and their advertisements have been removed as a result of the infringement each and every time an advertisement was posted, is willful and intentional.

80. Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Plaintiff.

81. Plaintiff has suffered and will continue to suffer irreparable injury due to the Defendants' false designation of origin and their false descriptions and representations if Defendants are not permanently enjoined from such conduct.

**COUNT V**

**Deceptive Trade Practices**

82. Plaintiffs repeats and realleges the allegations contained in paragraphs 1 through 81 above and incorporates them as if fully set forth at length herein.

83. Defendants' use of the "Gear Ring®" name in connection with the sale, offer for sale, distribution, marketing and advertising of their infringing products is fraudulent, misleading and deceptive, and made with the intention that

consumers rely on such misrepresentation and believe that the product being offered for sale is a true "Gear Ring®" product.

84. Defendants' use of the "Gear Ring®" and/or Kinekt® name, as well as their misappropriation of Plaintiff's copyrighted images and video, in connection with the sale, offer for sale, distribution, marketing and advertising of its infringing product constitutes fraud in connection with the sale or advertisement of goods in violation of N.J.S.A. 56:8-2.

85. Defendants' unlawful fraud and deception has caused and is continuing to cause unquantifiable damages to Plaintiff.

86. Plaintiff has suffered and will continue to suffer irreparable injury due to the Defendants' deceptive trade practices if Defendants are not permanently enjoined from such conduct.

## COUNT VI

## Unfair Competition

87. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 86 above and incorporates them as if fully set forth at length herein.

88. Defendants have engaged in fraudulent, misleading and unlawful conduct in attempting to pass off their counterfeit gear ring products as Plaintiff's products.

89. Defendants have committed these acts willfully and with conscious disregard of Plaintiff's rights.

90. Defendants have therefore engaged in unfair competition in violation of the common law of the State of New Jersey.

91. Defendants' unlawful fraud and deception has caused and is continuing to cause unquantifiable damages to Plaintiff.

92. Plaintiff has suffered and will continue to suffer irreparable injury due to the Defendants' unfair competition if Defendants are not permanently enjoined from such conduct.

## COUNT VII

## Interference With Prospective Economic Advantage

93. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 92 above and incorporates them as if fully set forth at length herein.

94. Plaintiff has expended a significant amount of time, money and other resources in developing, patenting, trademarking, copyrighting, advertising and marketing the Gear Ring® and expects to gain a significant economic advantage from its efforts.

95. Defendants have interfered with this economic advantage by manufacturing, selling, offering to sell, distributing, marketing and advertising counterfeit gear ring products.

96. Defendants' manufacture, sale and advertising of counterfeit gear ring products and their interference with Plaintiff's prospective economic advantage has been done without justification or excuse.

97. If Defendants were not selling counterfeit gear ring products, all consumers wishing to purchase a Gear Ring® would do so from Plaintiff, the rightful and true owner of the Gear Ring® Patent and Trademark, and Plaintiff would thereby gain all these customers and an economic advantage.

98. As a result of Defendants' interference with Plaintiff's prospective economic advantage, Plaintiff has suffered and will continue to suffer unquantifiable damages.

99. Plaintiff has suffered and will continue to suffer irreparable injury due to the Defendants' interference with prospective economic advantage if Defendants are not preliminarily and permanently enjoined from such conduct.

**COUNT VIII**

**Unjust Enrichment**

100. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 99 above and incorporates them as if fully set forth at length herein.

101. Defendants profit from the manufacture, sale, offer for sale, distribution, marketing and advertising of gear ring

products that are exact duplicates of Plaintiff's patented Gear Ring®.

102. Defendants therefore receive a benefit from the duplication and sale of Plaintiff's patented product, use of the trademarked "Gear Ring®" name and misappropriation of Plaintiff's copyrighted images and video.

103. Defendants have been unjustly enriched by their manufacture of counterfeit products, use of the Gear Ring® name and use of Plaintiff's images and video, as well as their sale, distribution, marketing and advertising of gear ring products, all to the detriment of Plaintiff.

104. It would be unjust for Defendants to retain this benefit and Defendants should not be permitted to reap the benefits of this wrongful conduct.

105. As a result of Defendants' conduct, Plaintiff has suffered and will continue to suffer unquantifiable damages.

**PRAYER FOR RELIEF ON ALL COUNTS**

WHEREFORE, Plaintiff prays for judgment and relief against Defendants as follows:

a. Adjudging the Plaintiff's Patent, Trademark and Copyright to be valid and enforceable;

b. Adjudging that the Defendants have infringed Plaintiff's Patent, Trademark and Copyright and engaged in the other wrongful conduct set forth above;

c. Adjudging that Defendants' conduct was willful and intentional;

d. That Defendants, and all persons or entities acting in concert or participation with Defendants, either directly or indirectly, be permanently enjoined from infringing, contributing to the infringement of, and/or inducing the infringement of the Patent, Trademark and Copyright, and specifically from directly or indirectly manufacturing, making, using, marketing, distributing, selling or offering for sale any product embodying the design of the Patent during the life of the Patent, regardless of the name being used for such product, without the express written authority of the Plaintiff and from using the name "Gear Ring," or any similar name, or any of Plaintiff's copyrighted images or videos in connection with the manufacture, sale, offer for sale, marketing and/or advertising;

e. That Defendants, and all persons or entities acting in concert or participation with Defendants, either directly or indirectly, be required to immediately remove all uses of, references to, depictions of, offers for sale and advertising of the Gear Ring® product, regardless of the name by which it is called, and all uses of the Gear Ring® and Kinekt® name from any and all websites and/or URLs where such may appear;

f. That Defendants provide an accounting of all profits derived from their patent, trademark and copyright infringement

and sales of gear ring jewelry, and that Defendants pay such profits to Plaintiff, along with actual damages suffered by Plaintiff, trebled;

g. Alternatively, that Plaintiff be awarded statutory damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) per infringement;

h. That Defendants be prohibited from destroying, altering, removing, hiding or otherwise tampering with any books or records that contain any information relating to the manufacturing, importation, production, distribution, sale, marketing and/or advertising of all products that infringe on Plaintiff's Patent, Trademark and/or Copyright;

i. That any third party providing payment and related services for Defendants' sale of infringing "gear ring" products, including merchant account providers, credit card companies, payment providers and/or third party payment processors immediately cease rendering such services to Defendants for sales of gear ring products and shall, upon receiving notice of an applicable Order, deliver to Plaintiff, or its representative, copies of all documents and records relating to Defendants' sale of Gear Ring® products;

j. That Defendants pay Plaintiff its reasonable attorneys' fees and costs pursuant to 15 U.S.C. §1117(a);

k. Adjudging that this case be deemed exceptional;

l. Adjudging that Defendants be ordered to deliver to Plaintiff, for destruction at Plaintiff's option, all products that infringe the Patent; and,

m. Such other relief as the court deems just and proper.

Dated: September 18, 2012

Angela Vidal, Attorney at Law
Attorney for Plaintiff,
Kinekt Design, LLC

/s Angela Vidal
By: Angela Vidal, Esq.
201 Strykers Road
Suite 19-155
Phillipsburg, New Jersey 08865
Telephone (908)884-1841
Facsimile (908)859-3201

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

I certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding, nor are there any non-parties known to Plaintiff that should be joined in this action. In addition, I recognize a continuing obligation during the course of this litigation to file and to serve on all other parties and with the Court an amended certification if there is a change in the facts stated in this original certification.

Dated: September 18, 2012

Angela Vidal, Attorney at Law
Attorney for Plaintiff,
Kinekt Design, LLC

/s Angela Vidal
By: Angela Vidal, Esq.

**LOCAL CIVIL RULE 201.1 CERTIFICATION**

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that declaratory and injunctive relief is sought.

Dated: September 18, 2012

Angela Vidal, Attorney at Law
Attorney for Plaintiff,
Kinekt Design, LLC

/s Angela Vidal
By: Angela Vidal, Esq.

Case 2:33-av-00001 Document 18120 Filed 09/21/12 Page 33 of 33 PageID: 345638

**VERIFICATION**

1. I, Glen Liberman, of full age, hereby verify and state that I am the inventor and holder of United States Patent Number D639,199 and the sole member of Plaintiff, Kinekt Design, LLC.

2. I have full knowledge of all the facts and circumstances regarding this matter.

3. I have read the foregoing Verified Complaint and verify that the contents thereof are true based on my own personal knowledge, except as to any matters stated upon information and belief, and as to those matters, I believe them to be true based on the information available to me.

4. I hereby verify under penalty of perjury that the foregoing statements made by me are true and correct and I am aware that if any of the foregoing statements made by me are found to be willfully false, I am subject to punishment.

Glen Liberman

Sworn and subscribed
before me on this
19th day of ~~July,~~ September 2012

My commission expires: 12-23-2015

Nicholas Pasquali
Notary Public
New Jersey
My Commission Expires 12-23-15